IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAYLA FULLER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 25-2952 |

MEMORANDUM

Bartle, J. September 16, 2025

Plaintiffs Kayla Fuller, Legende Lee and their minor son L.L. bring this action against the School District of Philadelphia pursuant to the Americans with Disabilities Act, 42 U.S.C. (§§ 12181-12189), § 504 of the Rehabilitation Act (29 U.S.C. § 794(a)), and Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681(a)).[1] Before the court is the motion of the School District to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

[1] The Complaint in its "preliminary statement" makes a brief reference that the action is also brought under "Pennsylvania state common law" and that defendant was responsible "for common-law torts." Yet the complaint never articulates any specific state cause of action. It clearly fails under Rule 8 as it does not contain "a short and plain statement of the claim [under state common law] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

I

For present purposes, the court must accept as true all well-pleaded facts in plaintiff's complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiff must allege sufficient factual content to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." Twombly, 550 U.S. at 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotations and alterations omitted).

II

The following facts, as stated in the complaint, are taken as true for present purposes.

L.L., a minor, is a student enrolled with the School District and attends the Thurgood Marshall Elementary School. He has an intellectual disability secondary to Down Syndrome and is non-verbal.  He has been placed in a multiple disabilities support classroom and receives special school bus transportation to and from school.  In his Individualized Education Plan ("IEP") he is described as "a student with intellectual disability who requires safe transport" and is to be provided a seat belt when travelling on the school bus.

On May 3, 2024, L.L. was riding on the school bus when he was sexually assaulted by another student T.M., who is a non-verbal fifteen year-old.  The driver of the school bus, an employee of the School District, was preoccupied on her cell phone in violation of School District policy and only belatedly saw in her rear view mirror what was happening to L.L.  She pulled the bus over and assisted L.L. to put his clothes back on and brought him to a seat nearer her.  While generally there is an attendant on the bus with the driver, on that day no attendant was present.

The bus driver reported the incident to her dispatcher upon return to the bus depot. The dispatcher thereupon reported the matter to her supervisor who reported it to the School.

An investigation was initiated by the Title IX coordinator and led by an outside law firm. According to plaintiff, the investigation was inadequate. The investigation report states the investigator was unable to obtain any meaningful information from L.L. Neither T.M. nor L.L., both of whom are non-verbal, was interviewed by a professional trained in interviewing non-verbal individuals. Nor was a professional engaged with experience and training in working with children who are victims of sexual assault. The School District ultimately found that T.M. was not responsible for sexual harassment or sexual battery.

L.L. has suffered as a result of the May 3, 2024 incident. He has broken down with crying fits. While he is now assigned to a different bus, he resists boarding it and must be compelled to do so by his mother. He has also become distant from all male figures. Plaintiffs seek money damages.

III

The School District first argues that plaintiffs have not stated a claim under either the ADA or § 504 of the

Rehabilitation Act, which has been characterized as "the civil rights bill for the disabled." Section 202 of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

Both statutes outlaw discrimination against individuals with disabilities.[2] Chambers v. Sch. Dist. Of Phila., 587 F.3d 176, 189 (3d Cir. 2009). Both are to be interpreted in the same way. McDonald v. Pennsylvania, 62 F.3d 92, 94-95 (3d Cir. 1995). Because the same standards govern both claims, the court may address the claims together. Chambers, 587 F.3d at 189.

2 The complaint alleges that the School District is a "public entity" and receives federal funds. See ¶¶ 12 and 73(b).

To plead a claim under either statute, plaintiff must set forth facts that would establish that he:

> (1) has a disability, (2) was otherwise qualified to participate in a school program, and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [his] disability.

Chambers, 587 F.3d at 189.

In addition, plaintiff, who is seeking damages, can only succeed if he alleges facts from which it can plausibly be inferred that the discrimination was intentional. S.H. v. Lower Merion School District, 729 F.3d 248, 261-264 (3d Cir. 2013). The standard for intentional discrimination in this Circuit is deliberate indifference, which involves a two part test. Id. at 263. Defendant must have both (1) "knowledge that a harm to a federally protected right is substantially likely," and (2) "a failure to act upon that likelihood." Id. Negligence or bureaucratic inaction is not sufficient. Id.

The complaint does not allege facts which if proven would establish that the School District was deliberately indifferent to the safety of L.L. The School District had developed an IEP which provides for his safe transport, including the use of a seat belt. What is alleged does not plausibly show knowledge on the part of the School District that a harm to a federally protected right was substantially likely

or a failure to act upon that likelihood. There is nothing pleaded from which it can be inferred that the School District knew that L.L.'s riding a school bus with other students presented a substantial likelihood that he would be sexually assaulted or deprived of any statutory right as a disabled individual, nor is there anything to show that the School District failed to act on that likelihood.

What befell L.L. on May 3, 2024 in that school bus was nothing short of tragic, if the facts alleged in the complaint are proven to be true. Without question, plaintiffs have pleaded a plausible case of negligence against the School District and its bus driver. Unfortunately for L.L., the standard under the ADA and Rehabilitation Act is not one of negligence but the more stringent standard of deliberate indifference. No reasonable jury could return a verdict for plaintiffs under either statute.

Accordingly, the motion of the School District to dismiss the counts under the ADA and Rehabilitation Act will be granted.

IV

Plaintiffs also assert a claim under Title IX of the Education Amendments of 1972 to the Civil Rights Act of 1964. The relevant provision provides:

> [n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving [f]ederal financial assistance[.]

20 U.S.C. § 1681(a).[3] The statute has been interpreted to prohibit the imposition of discipline by an educational institution when gender is a motivating factor in the decision. Doe v. University of Sciences, 961 F.3d 203, 209 (3d Cir. 2020) (internal citations and alterations omitted).

Specifically, plaintiffs aver that the School District's investigation of the sexual assault of L.L. was flawed and resulted in an erroneous outcome, that is that T.M. was not found to be responsible and subject to discipline. It is not enough that the investigators erred in their findings and conclusions. Under the erroneous outcome theory, plaintiffs must also plead plausible facts that gender bias was a motivating factor in the erroneous outcome. Id.; see Yusef v.

---

[3] As noted, the complaint alleges that the School District is the recipient of federal funds. See ¶ 73(b).

Vassar College, 35 F.3d 709, 715 (2d Cir. 1994). As plaintiffs acknowledge, it is usually the person who has been disciplined who files such a claim. In contrast, it is L.L. and his parents who have sued here even though L.L. was not accused of or found to have engaged in any wrongdoing.

Even assuming that plaintiffs have been harmed, the facts alleged simply point to incompetence in the conduct of the investigation. The investigator was unable to elicit any information from L.L. and did not secure trained and experienced persons in dealing with non-verbal students with disabilities or students who have been the victim of sexual assault. There is nothing whatsoever in the complaint from which an inference can reasonably be drawn that gender bias in any way infected the investigation or its outcome. Merely pleading conclusory statements as plaintiffs have done will not suffice. See Powell v. St. Joseph's University, 2018 WL 994478, at *5 (E.D. Pa. Feb. 16, 2018); Saravonan v. Drexel University, 2017 WL 4532243, at *4-5 (E.D. Pa. Oct. 10, 2017).

The claim of plaintiffs that the School District violated Title IX of the Education Amendments of 1972 will be dismissed.